**In re John A. MMAHAT**

Civ. A. No. 94–2451.

United States District Court,
E.D. Louisiana.

Oct. 5, 1994.

---

1. The property now is insured once again.

John A. Mmahat, pro se.

Marc David Winsberg, Stone, Pigman, et al, New Orleans, LA, for appellee F.D.I.C.

David V. Adler, Trustee, Metairie, LA.

Robert Gravolet, U.S. Trustee, New Orleans, LA.

## ORDER AND REASONS

CHARLES SCHWARTZ, Jr., District Judge.

This matter is before the Court on debtor, John A. Mmahat's ("Mmahat"), "Motion for Disqualification of Judge" filed pursuant to 28 U.S.C. §§ 144, 455(a) and 455(b)(1). The matter was set for oral hearing on Wednesday, October 5, 1994, but was submitted on the briefs.

At the outset, this Court feels compelled to address some of mover's more gross mischaracterizations regarding the circumstances which culminated in this Court's prior ruling entered April 27, 1994, in the matter numbered CA 94–292 "A" on the docket of this Court, wherein it held, *inter alia,* that the bankruptcy court's finding that the IRS received no notice was "clearly erroneous." Such mischaracterizations of the record and of the physical set up of the court complex include Mmahat's allegations that: (1) this Court's rulings in its opinion entered April 27, 1994 in CA No. 94–292 "A", were "non-judicial" in that this Court allegedly engaged in impermissible fact finding;[1] and (2) in so doing, this Court allegedly erroneously resorted to a review of documents "outside the submitted appellate record," which entailed "physically going out of the building at 500 Camp Street and entering the building next door at 501 Magazine Street, going to the 6th floor of that building (The Hale Boggs building), gaining access to the Record Room of the Bankruptcy Court, and searching through the documents of the file of the original bankruptcy record."[2]

This Court's April 27, 1994 Opinion and its rulings set forth therein were "judicial" in nature, and the record does not sup-

William Edward Steffes, Steffes & MacMurdo, Baton Rouge, LA, for appellant John A. Mmahat.

---

1. See Mmahat's Memorandum in Support of Motion for Disqualification (Rec.Doc. No. 6).

2. See Affidavit of John A. Mmahat at para. C.

port debtor's assertion that this Court engaged in impermissible fact finding. As it does in every bankruptcy appeal, this Court rendered an opinion based upon a review of the entire bankruptcy record and, as required, supported such opinion with written reasons. Mmahat seems to suggest that in reviewing a ruling of the bankruptcy court this Court's function is one of rendering a purely perfunctory conclusion without setting forth its written reasons therefor. The Court disagrees. Whether this Court is a reviewing court regarding a bankruptcy appeal or is the writing judge when sitting by designation on the Court of Appeal, it does not render a perfunctory conclusion or fail to review the entire record of the case in the court below. The fact that subsequent to this Court's opinion in the matter numbered 94–292 "A," and pursuant to the *creditor's motion,* the Bankruptcy Judge, on remand merely entered judgment, instead of conducting further proceedings and entering its own findings based thereon as was expected, bears no reflection on the Court and is not evidence of prejudice and/or personal bias on the Court's part as mover suggests.

As to the debtor's attempt to suggest that the bankruptcy court is not within the environs of and is not an adjunct of this Court by painting a picture of two completely separate courts, in separate buildings, at separate locations, and which courts and buildings have no connexity and bear no relation to each other whatsoever, such is a blatant mischaracterization. Up until the very recent past, the district judges of the Eastern District of Louisiana, the Clerk's Office for the Eastern District, the bankruptcy judges of the Eastern District (to whom bankruptcy matters are referred by the district judges of the Eastern District), the Bankruptcy Clerk's office and the Magistrate Judges for the Eastern District (to whom certain matters are also referred by the judges of the Eastern

District) were *all* housed at the location 500 Camp Street. Due entirely to physical growth of the aforementioned entities, the 500 Camp Street address proved insufficient to accommodate all of those offices and courtrooms and the Magistrate Judges and subsequently, the bankruptcy court moved to the section of this Court's *integrated complex* [3] which bears the address 501 Magazine Street.

Retrieving the bankruptcy record in this matter, entailed a phone call to the bankruptcy clerk's office which is located as aforesaid within the environs of this Court. Once the bankruptcy record was located, the Court sent one of its law clerks down the hallway across the third floor "breezeway" to pick up the bankruptcy record for this Court's review in connection with the then pending appeal in Civil Action 94–292 "A".[4] Such is the Court's general practice in every bankruptcy appeal it considers.

Utter candor would preclude the *innuendo* that with respect to its review of the bankruptcy court's ruling, this Court engaged in any circumspect activity. Reviewing the bankruptcy record in its entirety was most obviously conducted in this case for the purpose of ensuring a fair assessment of that court's order, in light of the factual and procedural background as reflected by that record. In no bankruptcy appeal has this Court ever cursorily adopted either a creditor's or a debtor's rendition of the factual/procedural background of the bankruptcy case on appeal. Thus, that this Court reviewed the entire bankruptcy record cannot be fairly characterized as indicative of any prejudice and/or personal bias against the instant debtor.

■ Notwithstanding the foregoing, the Court is sensitive to the question of whether its continued involvement in this case creates "an appearance of impropriety." Thus, pre-

---

**3.** The complex is comprised of two buildings which share a common basement for parking and are connected "breezeways" both at the first level and the third floors, a veritable necessity considering that previously outlined offices and sections of court which are variously located throughout the court complex are closely interrelated and thus, frequently interface.

**4.** The Court notes that evidence offered as exhibits in civil matters before it are also housed at the 501 Magazine Street part of the court complex and when it is necessary to review documentary exhibits which were offered as evidence at trial, such documents must also be retrieved in precisely same manner.

termitting the validity of the asserted factual bases for recusal or disqualification, upon which this Court should refrain from comment in deciding the instant motion for disqualification, the Court bases its decision to grant the aforesaid motion *solely* on the basis of the *possibility* of the appearance of impropriety inherent in the allegations.

The Court so rules only with *great* reluctance, as it appears that instant motion to disqualify was interposed primarily as a litigation tactic, in that: (1) the record suggests that the instant debtor was well-aware of the lion's share of the grounds for disqualification he now interposes prior to any ruling by this Court with respect to the instant bankruptcy proceedings; and (2) thus, it appears that debtor has strategically withheld his motion until such time that he had lost and/or he perceived he was about to lose on appeal with respect to the bankruptcy rulings which were the subject of appeals in Civil Action Nos. 94–292 and 94–2451 on the docket of this Court.

Accordingly and for all of the above and foregoing reasons,

IT IS ORDERED that the debtor, John A. Mmahat's Motion for Disqualification is hereby GRANTED and the Clerk of Court is directed to reallot the case to another section of this Court other than Section "R".